1

2

3

4

5

6        **UNITED STATES DISTRICT COURT**

7        **DISTRICT OF NEVADA**

8

9    CEDRIC O'NEAL HOWARD,

10        Petitioner,                                    Case No. 2:08-CV-00851-JCM-(GWF)

11   vs.                                                 **ORDER**

12   HOWARD SKOLNIK, et al.,

13        Respondents.

14

15        Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#1) and a

16   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#2).  The court finds that

17   petitioner is unable to pay the filing fee.  The court has reviewed the petition (#2) pursuant to Rule 4

18   of the Rules Governing Section 2254 Cases in the United States District Courts, and petitioner must

19   show cause why the court should not dismiss this action as untimely.

20        Congress has limited the time in which a person can petition for a writ of habeas

21   corpus pursuant to 28 U.S.C. § 2254:

22        A 1-year period of limitation shall apply to an application for a writ of habeas corpus
          by a person in custody pursuant to the judgment of a State court. The limitation
23        period shall run from the latest of—
          (A) the date on which the judgment became final by the conclusion of direct review
24        or the expiration of the time for seeking such review;
          (B) the date on which the impediment to filing an application created by State action
25        in violation of the Constitution or laws of the United States is removed, if the
          applicant was prevented from filing by such State action;
26        (C) the date on which the constitutional right asserted was initially recognized by the
          Supreme Court, if the right has been newly recognized by the Supreme Court and
27        made retroactively applicable to cases on collateral review; or
          (D) the date on which the factual predicate of the claim or claims presented could
28        have been discovered through the exercise of due diligence.

1   28 U.S.C. § 2244(d)(1).  A judgment, if appealed, becomes final when the Supreme Court of the

2   United States denies a petition for a writ of certiorari or when the time to petition for a writ of

3   certiorari expires.  Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999).  See also Sup. Ct. R.

4   13(1).  If the date on which the period would commence occurred before enactment of § 2244(d)(1)

5   on April 24, 1996, then the period commenced on the next day, April 25, 1996.  Patterson v.

6   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Any time spent pursuing a properly-filed application

7   for state post-conviction review or other collateral review does not count toward this one-year

8   limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-

9   conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d

10  1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed"

11  and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  A prior

12  federal habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S.

13  167, 181-82 (2001).  Equitable tolling of the period might be available, but the petitioner must show

14  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

15  stood in his way."  Pace, 544 U.S. at 418.  The petitioner effectively files a federal petition when he

16  mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The Court can

17  raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006);

18  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

19          Attached to the petition is a copy of an order of affirmance from the Nevada Supreme

20  Court, and the court borrows the procedural history of the case from that order.  In the Eighth

21  Judicial District Court of the State of Nevada, petitioner pleaded guilty to burglary.  The court

22  determined that petitioner was a habitual criminal.  Judgment of conviction was entered on July 19,

23  1990.  Petitioner did not appeal.

24          Petitioner filed in state court a petition for post-conviction relief on August 23, 1991.

25  The district court denied the petition.  Petitioner appealed, and the Nevada Supreme Court affirmed

26  on October 22, 1992.

27

28

1    Petitioner then filed in state court a habeas corpus petition on April 12, 1993.  The

2  district court denied the petition.  Petitioner appealed, and the Nevada Supreme Court affirmed on

3  September 29, 1994.

4    Petitioner filed another state habeas corpus petition on January 31, 2007.  The district

5  court denied the petition.  Petitioner appealed, and the Nevada Supreme Court affirmed on April 25,

6  2008.  That court found that the petition was untimely, barred by laches, and successive.  See Nev.

7  Rev. Stat. §§ 34.726, 34.800, 34.810.  The Nevada Supreme Court denied rehearing on June 18,

8  2008.  Remittitur would have issued on or around July 13, 2008.

9    Petitioner mailed his federal petition (#2) to this court on June 26, 2008.

10    The action appears to be untimely.  Before 28 U.S.C. § 2244(d) was enacted,

11  petitioner's judgment of conviction became final and his first two state-court petitions concluded.

12  Consequently, the one-year period of limitation commenced on April 25, 1996.  Petitioner had no

13  state habeas corpus petitions pending in the subsequent year, and the period of limitation expired on

14  April 25, 1997.  Petitioner's third state petition had no effect upon the running of the period.  First,

15  the period had already expired, and there was nothing left to toll.  Jiminez v. Rice, 276 F.3d 478,

16  482 (9th Cir. 2001).  Second, that petition was not properly filed because it was untimely, and it did

17  not qualify for tolling.  Pace, 544 U.S. at 417.  The current federal petition (#2) is more than eleven

18  years late.  Petitioner must show cause why the court should not dismiss this action.

19    IT IS THEREFORE ORDERED that the application to proceed in forma pauperis

20  (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

21    IT IS FURTHER ORDERED that, within thirty (30) days from the date on which this

22  order is entered, petitioner shall show cause why this action should not be dismissed as untimely.

23  Failure to comply will result in the dismissal of this action.

24    DATED:  July 29, 2008.

25

26    _____

27    JAMES C. MAHAN
    United States District Judge

28

-3-