# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CEDRIC O'NEAL HOWARD,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 2:08-CV-00851-JCM-(GWF)

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed as untimely (#3), and petitioner has submitted a response (#4).

    Petitioner argues that for twelve months after the entry of his judgment of conviction he believed that his counsel was pursuing a direct appeal, and that the lack of a direct appeal is an extraordinary circumstance that warrants equitable tolling. However, that occurred in 1990-91. The statute of limitations in 28 U.S.C. § 2244(d) was not enacted until April 24, 1996, and the one-year period in petitioner's case did not begin to run until April 25, 1996. Petitioner's argument does not explain why he was unable to file a federal petition in the year after that date.

    Petitioner also argues that his claims cannot be time barred. He writes:

> The claim of ineffective assistance of counsel must be brought in the form of a post-conviction habeas corpus, which can not be procedurally barred. Because the claim to a direct appeal is not a claim that can be procedurally barred.

Response, p. 4 (#4) (citing, among other cases, Edwards v. Carpenter, 529 U.S. 446 (2000)). Petitioner's argument is unpersuasive for several reasons. First, the procedural bars discussed in Edwards are state-law reasons why state courts do not consider post-conviction petitions. At issue

in this case is the federal period of limitation.  For the purposes of timeliness of a federal petition the only relevance of the state-court proceedings is whether they tolled the federal period of limitation pursuant to 28 U.S.C. § 2244(d)(2).  The first two state petitions did not toll the period of limitation because the period had not yet commenced, and the third state petition did not toll the period of limitation because the petition was untimely.  *See* Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Second, petitioner fundamentally misunderstands Edwards.  Edwards did not hold that claims of ineffective assistance of counsel are immune from procedural bars.  Edwards held that when a petitioner proposes ineffective assistance of counsel as an excuse for the procedural default of another ground, then the court must evaluate whether the ineffective-assistance excuse is itself procedurally defaulted.  Ultimately, this argument is irrelevant because timeliness, not the adequacy of how the state petitions were disposed, is the issue in this case.

   IT IS THEREFORE ORDERED that the clerk shall serve the respondents a copy of the petition (#2) and a copy of this order by regular mail upon the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717.  No response is necessary.

   IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

   DATED:  October 21, 2008.

_____
JAMES C. MAHAN
United States District Judge